Filed 2/28/23  P. v. Tamariz CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B315223 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA088067) |
| v. | |
| URIEL TAMARIZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Alan K. Schneider, Judge.  Affirmed.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

An amended information filed by the Los Angeles County District Attorney's Office alleged that defendant and appellant Uriel Tamariz committed two counts of second degree robbery (counts 1 & 3; Pen. Code, § 211),[1] and possession of a firearm by a felon (count 2; § 29800, subd. (a)(1)).  The information further alleged as to counts one and three that defendant personally and intentionally discharged a firearm (§ 12022.53, subds. (b) & (c)), and, as to count three, that the discharge caused great bodily injury (§§ 12022.53, subd. (d), 12022.7, subd. (a)).  Finally, the information alleged that defendant had suffered a prior "strike" conviction and had served a prior prison term (§§ 667, subd. (d), 667.5, subd. (b)).  Defendant pled not guilty and denied the special allegations.

A jury found defendant guilty as charged and found the special allegations true.  On August 4, 2021, the trial court sentenced defendant to a total of 23 years in state prison.  On the principal term of count three, the trial court imposed the high term of five years, plus a consecutive 10-year term for the gun use enhancement (§ 12022.53, subd (b)) and three years for the infliction of great bodily injury (§ 12022.7, subd. (a)).  As to count one, the trial court imposed a consecutive one-year sentence (one-third the midterm), plus three years, four months for the firearm discharge allegation (§ 12022.53, subd. (b).  As to count two, the trial court imposed a consecutive eight-month term (one-third the midterm).  The trial court struck the enhancements pursuant to section 12022.53, subdivisions (c) and (d).  The prosecutor

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

declined to proceed with the alleged prison prior and strike; thus, trial court also struck those.

Defendant timely appealed.

Approximately one month after defendant filed his notice of appeal, the Governor signed Senate Bill No. 567 (2021-2022 Reg. Sess.) (Sen. Bill 567), which became effective January 1, 2022. Sen. Bill 567 amended section 1170, subdivision (b), which delineates the trial court's authority to impose the statutory terms of imprisonment. On appeal, defendant argues that Sen. Bill 567 applies retroactively and that pursuant to the newly amended statute, he is entitled to a new sentencing hearing.

We affirm.

## FACTUAL BACKGROUND

On March 16, 2018, defendant robbed Eduardo Zamora. The following day, he robbed Jose Lopez.

## PROCEDURAL BACKGROUND

At the onset of the sentencing hearing, the trial court noted that it had considered the case, "and while it is a very serious case, the court has looked at all the circumstances, looked at the defendant's record, and it is not a life case in the court's estimation. There is going to be a very serious penalty, but the crimes that you did commit were serious, and you did cause great bodily injury to an individual."

"On the other hand, . . . the person who was shot" did not suffer injuries "beyond recovery, and while they constitute great bodily injury, are not in the nature of permanent injury and the type of tragedy that I see all of the time."

After entertaining oral argument, the trial court imposed the high term. In so ruling, the trial court noted that it had "read and considered the probation report." It further reasoned:

"There are factors in aggravation, particularly that the crime did involve multiple victims. There was planning involved with the incident in which he did go to the . . . victim's home. He has engaged in prior violent conduct indicating that he is a serious danger to society under California Rules of Court[, rule] 4.421(b), in that he has previously been convicted of a violent and serious charge, [§] 246.3, in which he did discharge a firearm. He has served a prior prison sentence on that matter."

"Looking at the entire nature of the crime," the trial court chose "the high term because of factors in aggravation, particularly his prior serious and violent felony for which he did serve a prior prison term."

## DISCUSSION

I. *Relevant law*

At the time defendant was sentenced, when a judgment of imprisonment was imposed and the statute specified three possible terms (lower, middle, and upper), the trial court had broad discretion to select the term that best served the interests of justice. (Former § 1170, subd. (b); Cal. Rules of Court, rule 4.420(e); *People v. Sandoval* (2007) 41 Cal.4th 825, 846–847.)

Sen. Bill 567 changed that, making the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist. Specifically, section 1170 now provides, in relevant part: "(b)(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

"(2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the

4

crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements. The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense.

"(3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions." (§ 1170, subd. (b)(1)-(3).)

II. *Analysis*

A. <u>Defendant is not entitled to a new sentencing hearing</u>

The parties agree that the changes made to section 1170 are retroactive. Thus, the only issue left for us to determine is whether defendant is entitled to a new sentencing hearing. We conclude that he is not.

Under newly amended section 1170, subdivisions (b)(2) and (b)(3), the sentencing court may rely upon stipulated circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, as well as certified records of a defendant's prior conviction in selecting the sentence to impose without submitting the prior

5

conviction to a jury. In imposing an upper term sentence in count three, the trial court did just that. It properly relied upon defendant's stipulated criminal history, finding that he had suffered a prior conviction.

Urging us to remand the matter, defendant claims he did not stipulate to suffering a prior conviction. He is mistaken. The appellate record shows that defendant initially waived his right to a jury trial on the prior conviction allegation, agreeing instead to let the finding be made by the court. He then stipulated to his prior conviction. At the sentencing hearing, when the trial court gave its indicated sentence, specifically stating that "it is not a life case," the prosecution declined to proceed with the trial on the prior conviction allegation, noting that no such trial was necessary. At no point did defendant seek to withdraw his prior stipulation. Nor did he ever dispute the trial court's description of his criminal history. His failure to do so is entirely understandable, given that the probation report, which the trial court considered, in this case reflects that defendant had precisely such a prior conviction. (*People v. Towne* (2008) 44 Cal.4th 63, 81, fns. omitted ["the circumstance of a prior prison term or of probation or parole status ordinarily is well documented in the same type of official records used to establish the fact and nature of a prior conviction—court records, prison records, or criminal history records maintained by law enforcement agencies"].) Furthermore, the prosecution alleged that defendant had suffered a prior conviction for violating section 246.3, subdivision (a). Defendant directs us to no evidence in the appellate record that a different felony might have been admitted.

6

The trial court's reliance on defendant's criminal history rendered him eligible for the upper term sentence in count three. Nothing in the amended version of section 1170 would result in a lower sentence.

B.  Harmless error

Even if the trial court had erred, which it did not, any such error was harmless.

Since the amendments wrought by Sen. Bill 567 went into effect, a handful of published decisions have addressed the framework for evaluating harmless error arguments in retroactively applying the statute, and as pointed out by defendant in his reply brief, the issue is pending before our state Supreme Court.  (*People v. Lynch* (May 27, 2022, C094174) [nonpub. opn.], review granted Aug. 10, 2022, S274942.)  The primary disagreement is between *People v. Flores* (2022) 75 Cal.App.5th 495 (*Flores*) and *People v. Lopez* (2022) 78 Cal.App.5th 459 (*Lopez*).

In *Flores*, *supra*, 75 Cal.App.5th at page 500, the court held that "'[i]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury,' the error is harmless."  (See also *People v. Flowers* (2022) 81 Cal.App.5th 680, 686, review granted Oct. 12, 2022, S276237 [error under Sen. Bill 567 is harmless where there is a "'clear indication'" that the trial court would "not impose a more favorable sentence upon theoretical reversal for resentencing"].)

In *Lopez, supra*, 78 Cal.App.5th 459, however, the court adopted a two-step approach to evaluating prejudice. At the first step, the court applied a broader inquiry than was prescribed in *Flores*, by considering whether "beyond a reasonable doubt . . . a jury would have found true beyond a reasonable doubt *all* of the aggravating factors on which the trial court relied in exercising its discretion to select the upper term." (*Lopez, supra*, at p. 467, fn. 11.) If so, then the error is not prejudicial. (*Ibid.*) If not, then the analysis proceeds to the second step. At the second step, the question of "possible prejudice to a defendant . . . is not whether the trial court could have relied on the single aggravating factor of [the defendant's] recidivism to impose the upper term sentence; unquestionably the trial court may still rely on any single permissible aggravating factor to select an upper term sentence under the newly revised triad system. Rather, the second relevant prejudice question is whether we can be assured that the trial court would have exercised its discretion to impose the upper term based on a single permissible aggravating factor, or even two or three permissible aggravating factors, related to the defendant's prior convictions." (*Id.* at p. 467.) If not, "then it is clear that remand to the trial court for resentencing is necessary." (*Ibid.*, fn. 11; see also *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1113 [agreeing "in principle" with *Lopez*, but taking a different approach].)

More recently, the Fifth District applied a different test to find harmless error in *People v. Dunn* (2022) 81 Cal.App.5th 394 (*Dunn*), review granted Oct. 12, 2022, S275655. *Dunn* reviewed *Flores* and *Lopez* and concluded that "*Flores* sets too low a standard for harmlessness and *Lopez* too high." (*Dunn, supra*, at p. 409.) Thus, the *Dunn* court adopted a test it described as a

8

modification of *Lopez*: "The reviewing court determines (1)(a) beyond a reasonable doubt whether the jury would have found one aggravating circumstance true beyond a reasonable doubt and (1)(b) whether there is a reasonable probability that the jury would have found any remaining aggravating circumstance(s) true beyond a reasonable doubt. If all aggravating circumstances relied upon by the trial court would have been proved to the respective standards, any error was harmless. If not, the reviewing court moves to the second step of *Lopez*, (2) whether there is a reasonable probability that the trial court would have imposed a sentence other than the upper term in light of the aggravating circumstances provable from the record as determined in the prior steps. If the answer is no, the error was harmless. If the answer is yes, the reviewing court vacates the sentence and remand for resentencing consistent with section 1170, subdivision (b)." (*Dunn, supra,* at pp. 409–410, fn. omitted.)

On this record, we need not stake out a position because we conclude that the trial court's inability to anticipate Sen. Bill 567 and its application here was harmless beyond a reasonable doubt, even under the more exigent standard of *Lopez*.

First, the trial court based its upper term sentence primarily on defendant's criminal history,[2] and that factor will not change. As set forth above, defendant stipulated to his prior

---

[2]     While the trial court did comment that there was planning and that were multiple victims, as discussed herein, defendant's undisputed criminal history supports the trial court's imposition of the upper term.

conviction, a conviction confirmed by the probation report.[3]  It does not appear that any other factors weighed significantly in the trial court's decision, or that ordering the trial court to disregard any other factors (i.e., alleged planning and multiple victims) would have reduced the sentence.  (*People v. Black* (2007) 41 Cal.4th 799, 817 [a single aggravating factor can support the trial court's exercise of discretion to impose a sentence longer than the middle term].)  Had the jury been called upon to decide beyond a reasonable doubt whether this aggravating factor was true, the appellate record supplies no reason to doubt this conclusion.

In his reply brief, defendant argues that his "criminal history could not form the basis for the aggravated term because his stipulation regarding a prior offense was made for a different purpose."  Assuming without deciding that defendant is correct, we conduct a harmless error analysis:  "If we conclude, beyond a reasonable doubt, that a 'jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true [the] single aggravating circumstance had it been submitted to the jury,'" the error is harmless.  (*People v. French* (2008) 43 Cal.4th 36, 53.)

Any error in relying upon defendant's stipulation was harmless as "there is no 'evidence that could rationally lead to a contrary finding.'"  (*People v. French*, *supra*, 43 Cal.4th at p. 53.)

---

[3]     We are satisfied that, even if the "certified" criminal records admitted at defendant's sentencing hearing are not those contemplated by section 1170, subdivision (b)(3), they are nonetheless sufficiently reliable for the trial court to reach the conclusion it did, and that a jury would have reached the same conclusion.

As set forth above, defendant's criminal history is confirmed by the probation report. Notably, defendant does not contend otherwise.

Second, and perhaps most significantly, the trial court's indicated sentence reflected that it was exercising leniency. The trial court acknowledged it was imposing a "long sentence," but was "not imposing a life sentence," and that while defendant was "going to have to pay for [his] crimes," he would still have a chance to live his life once he was released.

In light of the trial court's reliance upon defendant's criminal history and its explicit exercise of leniency, it undoubtedly would impose the upper term on remand. It follows that any alleged error was harmless and no remand is required.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT


11